JANVIER, Judge.
Plaintiff, engaged in the business of selling baiter’s supplies, brings this suit on an open account for $546.35 against Mac’s Pastry Shop, a partnership, and also against Frank F. Wharton, Vic Gallo and Dan L. McNeill, alleging that the three individuals named are the partners who conducted the business known as Mac’s Pastry Shop. There is no controversy over the correctness of the amount claimed, and it seems to be conceded that for the amount due there is liability in the partnership and in those individuals who compose it, but Gallo insists that he is not and has never been a partner and that consequently there is no liability in him for the amount due by the partnership and its members.
In the Civil District Court there was soli-dary judgment as prayed for against the partnership and against McNeill and Wharton, but as against Gallo the suit was dismissed, the District Judge having reached the conclusion that Gallo was not a member of the partnership and had never held himself out as such and that the money, which Gallo had put into the partnership and which is pointed to by plaintiff as evidence of the fact that Gallo was a partner, was merely loaned to the partnership or to Wharton and McNeill who admittedly were partners. From the judgment, insofar as it dismissed the suit as against Gallo, plaintiff has appealed. There has been no appeal by the partnership, nor by Wharton, nor by McNeill.
The record shows that, prior to the time at which it is asserted that Gallo entered the partnership, Wharton and McNeill had *755 formed a partnership and had had articles of partnership prepared by Mr. Siegfried B. Christensen, an áttorney, and that shortly thereafter Wharton and McNeill again consulted Chi-istensen and advised him that there was to be “a third partner in the picture, namely, one Vic Gallo,” and that accordingly he, Christensen, prepared new articles of partnership and that under those Gallo was to be a partner and was to put $2300 in cash into the business. Mr. Christensen says that he at no time saw Gallo and that everything he did was done “at the solicitation of Wharton and Mc-Neill.” The articles of partnership were never executed.
It is shown that McNeill was the baker and that what he contributed to the partnership was his ability and experience. It is also shown that Wharton put into the business $2300 in cash, and it is admitted by Gallo that he also produced “$2300 or $2400-00” in $100 bills and turned it over to the partnership. The actual amount which he produced was shown to have been exactly $2300; the same amount of cash as that placed in the business by Wharton.
There is no contention by plaintiff that Gallo can be held as a partner by “estop-pel” as it is admitted that Gallo did not hold himself out as a partner. In fact plaintiff did not know Gallo at the time at which he sold merchandise to the partnership, and he admits that he did not extend the credit to the partnership because of the fact that he believed Gallo to be a member of it. Consequently, there can be no recovery against Gallo unless he was actually in fact a partner, but plaintiff maintains that the testimony of Wharton that Gallo was a partner and certain obviously suspicious circumstances are of sufficient probative force to establish this fact.
It is admitted by Gallo that he did not know either Wharton or McNeill before he “loaned” the money to them for use in the business of the partnership. It is indeed difficult to understand how he could have loaned such a large sum of money to persons whom he did not know particularly since he did not demand a note or other evidence of indebtedness and says that he had no understanding as to how or when the money was to be repaid. His explanation of this is that he knew that the partnership was furnishing pastry to the gambling establishment of which he was either credit manager or general manager, and that he knew that the pastry which was being furnished was satisfactory, and that since his establishment was purchasing it at the rate of $20 to $25 a day, he could retain the daily amounts due and thus retire the loan which he had made.
Plaintiff, on the other hand, maintains that Gallo knew that the business at that time was profitable. He knew that its principal customers were gambling establishments in Jefferson Parish, and that he thought by becoming a partner he could obtain an excellent return on his investment. It is shown that the reason for the failure of the business was the fact that shortly after the transactions which we have recited, the gambling establishments in Jefferson Parish were closed by the authorities and that the partnership then proved to be a failure.
The statement by Gallo that he loaned the money is corroborated by two employees of the establishment who worked under him. These two witnesses state that they knew Wharton and McNeill, admittedly members of the partnership, and that Wharton approached them with a request for advice as to where he might borrow some money to put into the partnership, and that, as a result of his conversation with these two witnesses, he approached Gallo for the purpose of “borrowing” money.
The fact that Gallo put into the business the exact amount which Wharton put into it is of course most suspicious as it would seem to indicate that he and Wharton agreed to become equal partners. It is also interesting to note that Gallo attempted to indicate that he did not know the exact amount, stating that it was “about $2300.00 or $2400.00.”
The only testimony to the effect that Gallo was a partner was given by Wharton. *756 McNeill did not appear as a witness. Wharton of course was to some extent interested in having it established that Gallo was a partner, since a holding to that effect would have created solidary liability in Gallo, along with his own solidary liability.
There is some doubt as to the admissibility of the testimony of Wharton to substantiate the claim against Gallo, since Wharton was placed on the witness stand by plaintiff under LSA-R.S. 13:3662, which permits cross-examination by an adverse party.
But even if it be conceded that the testimony of Wharton elicited by plaintiff on cross-examination was admissible as against Gallo, still we think that however suspicious may be the circumstances which surround the production by Gallo of the money, the record does not justify a holding that the finding of the District Judge that Gallo was not a partner is manifestly erroneous. On the one hand we have the suspicious circumstances to which we have referred and we have the testimony of Wharton, and, on the other hand, we have the corroboration of the testimony of Gallo by the two witnesses of the gambling establishment. If we place on one side of the scale the evidence on behalf of Gallo, we cannot say that that which is on the other side manifestly outweighs it.
There is one additional comment we think necessary. The District Judge said in his reasons for judgment that “Gallo can be characterized, at worst, only as a partner in commendam.” If we felt that the evidence indicated that Gallo intended to make himself a partner in commendam, it would be necessary that we hold him liable not as a partner in commendam but as a full partner and therefore solidarily liable because not one of the steps necessary to the formation of a partnership in com-mendam was taken. The articles of our LSA-Civil Code, 2839 et seq., require that one who attempts to become a partner in commendam must take all of the steps set forth if he intends to protect his liability as such.
We think that the District Judge did not intend to hold that Gallo intended to become a partner in commendam and that his comment was made inadvertently.
We repeat that, though the circumstances under which Gallo turned the money over to the partnership were most suspicious, the evidence offered by plaintiff is not sufficient to overcome the finding of the District Judge.
Accordingly the judgment appealed from is affirmed at the cost of appellant.
Affirmed.
McBRIDE, J., absent, takes no part.